IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SAMMIE A. SMITH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| 5. ) | CIVIL ACTION NO. |
| ) | 2:09cv508-MHT |
| THOMAS HEAD, CIRCUIT JUDGE, ) | (WO) |
| PIKE COUNTY, ALABAMA; and ) | |
| TERRI WILLINGHAM THOMAS, ) | |
| JUDGE, STATE OF ALABAMA ) | |
| COURT OF CIVIL APPEALS ) | |
| ) | |
|    Defendants. ) | |

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Sammie A. Smith.  Smith brings this action against two defendants: Judge Thomas Head, of the Circuit Court of Pike County, Alabama, and Judge Terri Willingham Thomas, of the State of Alabama Court of Civil Appeals.

Courts must follow a two-step procedure in processing a complaint filed pursuant to 28 U.S.C. § 1915.  "First, the district court should determine whether the plaintiff

satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1]  <u>Woodall v. Foti</u>, 648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); <u>see also</u> <u>Procup v. Strickland</u>, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, the district court may dismiss the complaint prior to service of

---

   1.   Section 1915(a)(1) provides:

   "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

   2.   In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).

The motion filed by Smith satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

However, Smith's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). A suit will be dismissed as frivolous under § 1915 if the claim is "without arguable merit" or if "the plaintiff's realistic chances of ultimate success are slight." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal citations omitted). Here, Smith has sued two

state judges for acts performed while acting in their judicial capacities. It is well-established that judges are absolutely immune from suit in performing their judicial responsibilities. Mireles v. Waco, 502 U.S. 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citing Dennis v. Sparks, 449 U.S. 24, 27-29 (1980)). Accordingly, Smith's claims have no arguable merit.

Smith's complaint therefore should be dismissed before service on the defendants pursuant to § 1915(e)(2)(B)(i)-(iii). See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 4th day of June, 2009.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE